UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAHMOOD MOUTRAJI,　　　　　　　　　　　　　Civil Action No.

　　　　　　　　Plaintiff,

　　　　-against-

SHOES TO GO INC., KEDATEX, INC.,
ABDULLA KEDA, and MORRIS KEDA,

　　　　　　　　Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Mahmood Moutraji ("Plaintiff"), as and for his Complaint against Defendants, Shoes To Go Inc., Kedatex, Inc., Abdulla Keda, and Morris Keda ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.　　Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter "NYLL"), and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and other relief.

2.　　Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.　　The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

4.　　Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff, Mahmood Moutraji, was employed by Defendants at various shoe stores located in Kings County, New York and all owned by Defendants from at least October 2010 to approximately October 2016.

6. Defendant Shoes To Go Inc. ("Shoes To Go") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Defendant Shoes To Go has maintained a place of business for the sale of shoes located at 546 Nostrand Avenue, Brooklyn.

8. Upon information and belief, Defendant Kedatex, Inc. ("Kedatex") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, Defendant Kedatex has maintained a place of business for the sale of shoes located at 4 Flatbush Avenue, Brooklyn, New York.

10. Defendant Abdulla Keda is an individual residing in the State of New York.

11. At all relevant times, Defendant Abdulla Keda was a corporate officer and President of both Shoes To Go and Kedatex.

12. Upon information and belief, at all relevant times, Defendant Abdulla Keda exercised operational control over Shoes To Go and Kedatex, controlled significant business functions of Shoes To Go and Kedatex, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Shoes To Go and Kedatex in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Defendant Abdulla Keda has been an employer under the FLSA and the NYLL.

13. Defendant Morris Keda is an individual residing in the State of New York.

14. At all relevant times, Defendant Morris Keda was a corporate officer of both Shoes To Go and Kedatex.

15. Upon information and belief, at all relevant times, Defendant Morris Keda exercised operational control over Shoes To Go and Kedatex, controlled significant business functions of Shoes To Go and Kedatex, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Shoes To Go and Kedatex in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Defendant Morris Keda has been an employer under the FLSA and the NYLL.

## FACTS

16. Defendants operate shoe stores located at 546 Nostrand Avenue, Brooklyn, 4 Flatbush Avenue, Brooklyn, and other locations throughout Kings County, New York.

17. At all times relevant to this action, Plaintiff was employed for the benefit of and at the direction of Defendants as an employee working in Defendants' shoe stores.

18. Abdulla Keda and Morris Keda participated in the decision to hire Plaintiff.

19. Abdulla Keda and Morris Keda participated in the daily supervision of Plaintiff's duties.

20. Abdulla Keda and Morris Keda participated in setting the Plaintiff's work schedule.

21. Abdulla Keda and Morris Keda participated in deciding the manner in which Plaintiff was paid during his employment.

22. Abdulla Keda and Morris Keda participated in the decision to pay Plaintiff partly in cash during his employment.

23. Abdulla Keda and Morris Keda participated in the decision to pay Plaintiff partly by check during his employment.

24. Abdulla Keda and Morris Keda participated in running the day to day operations of Shoes To Go and Kedatex during Plaintiff's employment.

25. Abdulla Keda and Morris Keda participated in deciding the hours that Plaintiff would work each week.

26. Abdulla Keda and Morris Keda participated in deciding the job duties that Plaintiff would perform on a daily basis.

27. During the last six year of his employment, Plaintiff worked six (6) days each week including every Saturday and Sunday.

28. During this time, Plaintiff worked from 10:00 a.m. to 8:00 p.m. six (6) days a week.

29. During this time, Plaintiff was unable to take any uninterrupted meal breaks as he remained working in Defendants' shoe stores from opening to closing.

30. During this time, Plaintiff worked sixty (60) hours each workweek.

31. During this time, Defendants paid Plaintiff at a weekly rate of pay each workweek.

32. During this time, Defendants often paid Plaintiff partly by check and partly in cash on a weekly basis.

33. During this time, Plaintiff always worked more than forty (40) hours each workweek but was never paid overtime compensation by Defendants.

34. During this time, Defendants did not pay Plaintiff one and one-half times his regular rate of pay when he worked more than forty (40) hours each week.

35. During this time, Defendants failed to maintain accurate time records of the hours that the Plaintiff worked each week.

36. During this time, Defendants did not require Plaintiff to punch in at the beginning of his shift each morning or punch out when his shift ended each night.

37. During this time, Plaintiff did not receive a wage notice from Defendants.

38. During this time, Plaintiff never received a written statement with his wages that included an accurate hourly rate, an accurate overtime rate, and the total number of hours that he worked each week.

39. During this time, Defendants issued paystubs to Plaintiff which only reflected the amount paid to Plaintiff by check, and did not reflect the amount paid to Plaintiff in cash, did not reflect the actual hours that Plaintiff worked each week, and did not reflect Plaintiff's actual rate of pay.

40. During his employment, Defendants managed Plaintiff's employment, including the amount of overtime hours that he worked each work.

41. During his employment, Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

42. During his employment, Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled each week for this work time under federal and state laws.

43. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §§ 201 ET SEQ. FLSA OVERTIME CLAIM**

44. Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

45. At all times relevant to this Complaint, Defendants have been and continue to be, an

5

"employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

46. At all times relevant to this Complaint, Defendants "employed" Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

47. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

48. At all times relevant to this Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who has worked at shoe stores owned and operated by Defendants.

50. Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant Shoes To Go for the years 2015, 2014, and 2013 was not less than $500,000.00.

51. Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant Kedatex for the years 2015, 2014, and 2013 was not less than $500,000.00.

52. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal

to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

54. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

55. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

56. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

57. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

58. Defendants have not acted in good faith with respect to the conduct alleged herein. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF ARTICLES 6 AND 19 OF THE NEW YORK LABOR LAW
### NYLL OVERTIME CLAIM

59. Plaintiff alleges, re-alleges, and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

60. At all times relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

61. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

62. At all times relevant to this Complaint, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of NYLL and the Regulations pertaining thereto. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

63. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

64. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

65. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

66. Plaintiff is not exempt from the overtime provisions of the NYLL and the Regulations, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

67. Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

68. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III
### VIOLATION OF SECTION 195(1) OF THE NEW YORK LABOR LAW
### NYLL FAILURE TO PROVIDE WAGE NOTICES CLAIM

69. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

70. Defendants willfully failed to furnish Plaintiff with wage notices during his employment as required by NYLL § 195(1), in English or in another language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

71. Through their knowing and intentional failure to provide Plaintiff with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

72. Due to Defendants' willful violations of the NYLL, Plaintiff is each entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendants failed to provide Plaintiff with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
### VIOLATION OF SECTION 195(3) OF THE NEW YORK LABOR LAW
### NYLL FAILURE TO PROVIDE WAGE STATEMENTS CLAIM

73. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

74. Defendants willfully failed to provide Plaintiff with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

75. Through their knowing and intentional failure to provide Plaintiff with proper wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is each entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week that Defendants failed to provide Plaintiff with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide Plaintiff with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
### VIOLATION OF NYLL SECTIONS 191 AND 198

77. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

78. During the time period of on or about June and July 2014, Plaintiff worked 60 hours a week for Defendants without being paid his regular rate of pay or any compensation at all.

79. That during these two months, Defendants accepted the fruits of Plaintiff's labor without paying Plaintiff his regular rate of pay or any compensation at all.

80. That Defendants suffered and permitted Plaintiff to regularly work these hours each week during these two months without paying him his regular rate of pay or any compensation at all.

81. Defendants' failures to pay Plaintiff for all the hours that he worked each week constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

82. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated the overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages and regular wages to Plaintiff;

4. Willfully violated the overtime and regular wage provisions of the NYLL.

11

5. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

6. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

7. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

8. Grant Plaintiff such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 17, 2016

By: Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Moutraji, Mahmood v. Shoes to go Inc., et al.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
September 06, 2016

_/s/ Mahmood Moutraji_
Mahmood Moutraji

- 1 -